Brown *et al. v.* Knox County *et al.*

*(Knoxville,* September Term 1947, May Session 1948.)

Opinion filed June 12, 1948.

CLYDE W. KEY, of Knoxville, for complainants.

CHAS. S. BADGETT, JR., of Knoxville, for defendants.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The bill in this cause was filed under the Declaratory Judgments Statute to determine the validity of Chapter 753, Private Acts of 1947, entitled:

''An Act to re-district Knox County, to re-number the districts as laid out and provide for the Magistrates and Constables thereof and to abolish the Office of Magistrate in the incorporated Towns therein.''

The Election Commissioners of Knox County, Charles J. Brown, Clarence Blackburn and Dewey Cate filed the bill against Knox County, the County Judge and the City of Knoxville, alleging the constitutionality of the Act; that the defendants insisted that the Act was unconstitutional and that it was necessary that complainants have the question of validity determined, so that they might legally discharge their official duties in the election of August 8, 1948. Because a constitutional question was raised, the Attorney General of the State was made a party defendant, and he filed an answer in which he disclaimed any interest in the controversy, because the controversy was a local county matter, not affecting the State at large.

The County Judge and the other defendants filed a demurrer in which they attack the constitutionality of

the Act on a number of grounds which we consider hereafter. The Special Chancellor, Honorable S. E. HODGES, in a carefully considered opinion which has come up with the record, found that complainants were entitled to file the original bill for a declaration; sustained the Act as constitutional, and overruled the demurrer; and he further held that complainants were justified in employing special counsel, and that the County was liable for their reasonable attorney's fees.

From the decision of the Chancellor, the defendants appealed and have assigned errors which may be summarized as follows:

(1) That the Act violates Art. II, sec. 17 of the Constitution in that it repeals certain prior redistricting Acts and other general Acts without reciting in its caption or otherwise, the title or substance of the Acts repealed. (2) That it violates Art. VI, sec. 15 of the Constitution in that it abolishes the office of Justice of the Peace in all incorporated towns in Knox County except in the Civil District in which the Courthouse or County seat is located. (3) That it violates Art. XI, sec. 8 of the Constitution in that it suspends general laws for the benefit' of particular individuals, and is therefore arbitrary and vicious class-legislation. (4) That it embraces more than one subject and in violation of Art. II, sec. 17 of the Constitution, fails to give notice in the caption, of the following provision of the Act:

"That the number of Civil Districts of Knox County, as herein established, shall not be increased or diminished except by Act of the General Assembly of the State of Tennessee."

We have copied the caption of the Act in the first paragraph of this opinion, and before considering the assignments of error we will summarize the Act itself.

Section 1 provides that Civil Districts in Knox County as now existing, 17 in number, are abolished, and that said County be divided into 9 Civil Districts. The Act then proceeds to consolidate into 9 Civil Districts the 17 Civil Districts of the County, and the 26 Wards of the City, as theretofore established, and to provide for the election of 2 Justices of the Peace and 1 Constable from each of the newly established 9 Civil Districts, except that for the 1st Civil District of the City of Knoxville where the Courthouse is located, provision is made for the election of 3 Justices of the Peace and 2 Constables.

Section 2 of the Act abolishes the office of Justice of the Peace for the incorporated towns contained in Knox County.

Section 3 provides that the number of Civil Districts in Knox County shall not be increased nor diminished except by Act of the Legislature.

Section 4 provides that the Act shall take effect from and after September 1, 1948.

Section 5 is the usual severability clause.

By their first assignment of error, defendants insist that the Act violates section 17 of Art. II of the Constitution because its effect is to repeal former laws, though no indication of such repeal or amendment is disclosed by the caption. The Special Chancellor disposed of this contention in the following language:

"While the Private Act up for construction does not contain in its title or otherwise any references, the Court holds that said Private Act repeals or modifies the Acts set out in said demurrer, by implication. Later Acts which repeal or modify earlier Acts by implication, because of their inconsistency in terms, never make any reference to such acts so modified or repealed. The

Court holds that the Private Act in question, and the title thereto, discloses its whole effect, and that it operates independently of any other acts on the subject, and the first ground of the demurrer is overruled.''

■ We think the Chancellor's conclusion is well supported by our cases, and that where, as here, there is a repeal or amendment by implication, there is no violation of section 17, Art. II, although no reference is made in the caption or body of the Act to Acts repealed or amended. The former Acts are affected only so far as they may be irreconcilable or inconsistent with the Act under review. Since there is no expression in the Act under review that it was a repealing or amendatory Act, it is clear that if former laws are repealed or amended by it, this is effected by necessary implication. Many of our cases have dealt with the question of the application of Art. II, sec. 17 of the Constitution, to repeals by implication and these cases all stem from the classic opinion by Judge COOPER in *Home Ins. Co.* v. *Taxing District,* 72 Tenn. 644. In that decision, which has since been followed and cited, he said:

''If this construction be inadmissible, the second Act is incompatible with the first, and does repeal it by necessary implication. The question in this view is squarely raised, whether implied repeals are within the purview of the constitutional provision (Art. II, sec. 17). . .

''That the constitutional provision under consideration does not apply to repeals by implication seems to be sustained by reason, as it certainly is by authority.'' 72 Tenn. pages 647 and 652.

''When, under an appropriate caption, an Act of the Legislature on its face plainly dicloses its whole effect and where it is independently operative, neither legisla-

14

tors nor the people would be further enlightened as to its scope by a recital of the title or substance of former laws. If there is irreconcilable conflict, the former laws are repealed by implication. If there is no such conflict and the earlier and later laws involve the same subject matter, they will be construed in *pari materia*." The foregoing was quoted and approved in *Cheatham County* v. *Murff*, 176 Tenn. 93, 103, 138 S. W. (2d) 430, 433.

To the same effect are the following recent cases: *Texas Co.* v. *McCanless*, 177 Tenn. 238, 148 S. W. (2d) 360; *Clark* v. *State, ex rel. Bobo*, 172 Tenn. 429, 113 S. W. (2d) 374, 782; *Waldauer* v. *Britton*, 172 Tenn. 649, 113 S. W. (2d) 1178; *Tenn. Elec. P. Co.* v. *City of Chattanooga*, 172 Tenn. 505, 114 S. W. (2d) 441; *Southern Photo & Blue Print Co.* v. *Gore*, 173 Tenn. 69, 114 S. W. (2d) 796; *Rushing* v. *Tenn. Crime Comm.*, 173 Tenn. 308, 117 S. W. (2d) 4. On these authorities the first assignment of error is overruled.

By the second assignment of error it is insisted that the Act violates the following part of section 15 of Art. VI of the Constitution:

"There shall be two Justices of the Peace and one Constable elected in each District, by the qualified voters therein, except districts including county towns, which shall elect three Justices and two Constables."

The only support for this assignment is a citation of the case of *Swaim* v. *Smith*, 174 Tenn. 688, 130 S. W. (2d) 116. That part of the opinion which was favorable to appellants and supports their contention, was later modified and corrected in the case of *Shoup V. M. Corp.* v. *Hamilton Co.*, 178 Tenn. 14, 20, 152 S. W. (2d) 1029, 1032. Judge GREEN wrote the opinions in both cases. Correcting the opinion in the *Swaim Case*, Judge GREEN said:

" It was said (in *Swaim* v. *Smith*), 'To deprive an incorporated town of the additional magistrate for the district in which it is located is to deprive it of a constitutional right.' This was erroneous. The sentence should have read, 'To deprive the district including the county town or county seat of the additional magistrate is to deprive it of a constitutional right.' " 178 Tenn. Page 20, 152 S. W. (2d) 1032.

The law is now, after the *Shoup Case,* the same as it was held to be in *State ex rel.* v. *Cates,* 105 Tenn. 441, 58 S. W. 649, 650, where in a case which arose from Knoxville, it was expressly held that the constitutional provision was met by an Act which gave the Civil District where the Courthouse was situated, three Justices of the Peace and two Constables.

"But what is the meaning of the term 'county town' as employed in this clause of the constitution? We are constrained to hold that it means the county seat, where the courthouse is situated, and that the district including the county town where the courthouse is located is entitled to the additional justice of the peace." *State ex rel.* v. *Cates,* 105 Tenn. 441, 445, 58 S. W. 649, 650.

 The Act before us meets this requirement and provides that there shall be elected from the first Civil District three Justices of the Peace and two Constables. We take judicial notice that the Courthouse is situated in the 1st Civil District. *Moody* v. *State,* 46 Tenn. 299; *Coover* v. *Davenport,* 48 Tenn. 368, 2 Am. Rep. 706. The last sentence of Art. VI, sec. 15, which provides that, "The Legislature shall have power to provide for the appointment of an additional number of Justices of the Peace in incorporated towns." is permissive and not mandatory, and an Act of the Legislature is not invalid

because it fails to appoint "an additional number of Justices of the Peace" for the incorporated towns of a county. *Shoup V. M. Corp.* v. *Hamilton Co., supra;* Redistricting Cases, infra; *State ex rel.* v. *Nine Justices,* 90 Tenn. 722, 18 S. W. 393. We hold, therefore, that the Act does not violate section 15 of Art. VI of the Constitution, and the second assignment of error is overruled.

By the third assignment of error it is insisted that the Act is arbitrary and vicious class legislation, and in violation of Art. 11, sec. 8 of the Constitution, because it suspends general laws to the detriment of the citizens of Knox County, and affects the County, not in its governmental or sovereign capacity as an arm of the State, but affects the citizens of Knox County in their private individual capacity. In the light of our reported decisions, this argument can scarcely be taken seriously. It was long ago held by this Court:

"Is the laying off of the counties into civil districts any less a matter of governmental control than the instances to which we have referred? Nay, far more. As we have already pointed out, the fundamental unit of our system is the county; the county government is, in the main, vested in the county court; the county court is composed of justices of the peace; the number of those justices, and hence the governing force of the county, is determined chiefly, under section 15 of article 6, by the number of civil districts in the county. From these considerations it is obvious that *the regulations of the number of justices of the peace in the counties is, in the highest sense, a governmental function.*" Redistricting Cases, 111 Tenn. 234, 288, 80 S. W. 750, 762. (Italics ours.)

Since its delivery in 1903, that opinion has been so frequently approved and followed that it would uselessly prolong this opinion to make the citations.

By the fourth assignment of error it is argued that the Act violates Art. II, sec. 17 of the Constitution because it fails to recite in the caption, the matters enacted in section 3 of the Act, namely, that the Legislature reserves to itself the exclusive right to make future changes in the Civil Districts in Knox County. To determine that the matters enacted in section 3 of the Act under review are within the caption of the Act, it is only necessary to determine that those matters were germane and relevant to the purpose of the Act as it was expressed in the caption. The purpose so expressed was to redistrict Knox County, to re-number the Districts, and to abolish the officers of Magistrate in incorporated towns. Certainly the provision of section 3 of the Act, that Knox County should not in future be redistricted except by act of the Legislature, was germane and relevant to the purpose expressed. This is all that the constitutional provision requires. *House* v. *Creveling*, 147 Tenn. 589, 250 S. W. 357; *Hunter* v. *Conner*, 152 Tenn. 258, 277 S. W. 71.

"A title containing index of details or a synopsis of an act is never necessary to meet the requirements of Article 2, sec. 17, of the Constitution. It is sufficient if the title directs the mind to the object of the proposed legislation." *Mensi* v. *Walker*, 160 Tenn. 468, 475, 26 S. W. (2d) 132, 135.

██ Finally, it is insisted that the Special Chancellor erred in approving the action of the complainants in employing special counsel and in decreeing that the County was liable for payment of their reasonable fees. Since

members of the County Court were unfavorably affected by the Act, and since the County Judge was asserting its unconstitutionality, it would have been an idle and futile gesture for the complainants, who considered the Act valid, to have applied to the County Court for approval of means to sustain the validity of the Act. There was a clear conflict in interest between the complainant Election Commissioners and the members of the Quarterly County Court, and with that fact appearing, the Chancellor was justified in approving the employment of special counsel and decreeing compensation to them out of County funds. The Chancery Court in proper cases has authority to ascertain reasonable compensation for counsel, and approve their employment. *Yourie v. Nelson*, 1 Tenn. Ch. 614; *Wright v. Dufield*, 61 Tenn. 218.

All assignments of error are overruled and the decree of the Special Chancellor is in all respects affirmed. Appellants will pay the costs.

All concur.