STATE ex rel. W. H. MAYNARD et al.

*v.*

C. LOUIE ARMSTRONG et al.

(*Knoxville,* September Term, 1955.)

Opinion filed June 8, 1956.

ANDERSON & ANDERSON and EARL S. AILOR, Knoxville, for appellants.

FOWLER, ROWNTREE & FOWLER, Knoxville, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The purpose of the bill in this case was to require members of the County Court of Knox County to levy taxes sufficient to take care of the requirements of the budget submitted to it by the Board of County Commis-

sioners of Knox County. These commissioners in this *mandamus* proceeding contend that it is exclusively vested with the authority to prepare the budget and that the only function which the County Court performs with respect thereto is to levy a tax rate sufficient to take care of the requirements of the budget which the County Court is required to do.·

· The complainants, as County Commissioners, are serving by virtue of the Private Acts of 1937, which creates a Board of Commissioners and provides as follows:

" * * * That to the end that centralization, consolidation and co-ordination of County administrative affairs may be more effectively attained and more economically and efficiently administered, there is hereby created * * * a Board of County Commissioners."

Section 2, page 524, provides as follows:

" * * * it being the intention of this Act to· divest all purely administrative and. appointive powers out of the County Court and all other Boards or Commissions excepting the schools and those powers and duties expressly conferred upon the County Court by the Constitution of Tennessee, and vest the same in said Board of County Commissioners, and neither the County Court nor any other County Board, Commission or Agency shall have the power to duplicate the service herein imposed upon the County Board of Commissioners; provided, nothing herein shall be deemed to interfere with the judicial powers of the Justices of the Peace or of the probate powers of the County Court or the Judge or Chairman thereof."

From the reading of the provisions of said Act of 1937 it is clear that all administrative powers are vested in the County Commission "excepting the schools and those powers and duties expressly conferred upon the County Court by the Constitution of Tennessee."

We think it was settled in our case of *Troutman v. Crippen,* 186 Tenn. 459, 463, 212 S.W.2d 33, that the Acts of 1937 require the Board of Commissioners to submit annual budgets to the County Court covering the amount of money necessary to defray the operating expenses of the county for the ensuing year in order that the court may determine the amount of taxes necessary to raise.

Under this Act it should be mandatory upon said County Court to levy a tax rate upon all taxable property in said county sufficient to take care of the requirements of said budget as submitted to it.

It is clear from reading *Troutman v. Crippen, supra,* that these budgets to be submitted by the county commission should cover all of the operating expenses of the county.

Giving of all administrative powers to the Commission necessarily means that the County Court cannot change the budget, for to exercise such an authority could deprive the County Commission of all administrative powers.

The taking of all administrative powers from the County Court except the authority to elect a ranger and coroner and to fill vacancies in the county offices between elections, necessarily means that the administrative power of controlling the budget is withdrawn from the County Court.

It was held in *Reams v. Board of Mayor and Aldermen,* 155 Tenn. 222, 291 S.W. 1067, that if the Board of Commissioners of Knox County should contemplate disbursing funds illegally, any taxpayer could proceed in the Chancery Court to enjoin the disbursement thereof.

It is apparent as a practical matter if in making up the budget the Board of Commissioners were confined to items of unquestionable legality, then it would result that if such items had to be paid thereafter, there would be no money to take care of them.

The placing of an illegal item in a budget does not mean that it is going to be paid, and there is no question but these illegal items may be successfully questioned in a court of equity.

We think there is no error in the Circuit Judge entering a judgment in favor of the complainants and his action is affirmed.