C. C. BAYLESS *et al.*

*v,*

W. H. MAYNARD *et al.*

(*Knoxville,* September Term, 1955)

(May Session, 1956)

Opinion filed June 8, 1956.

Rehearing Affirmed July 20, 1956.

Anderson & Anderson, Hodges & Doughty, Knoxville, for complainants.

Fowler Rowntree & Fowler, Earl S. Ailor, County Solicitor, Knoxville, for defendants.

Mr. Justice Prewitt delivered the opinion of the Court.

This bill was filed by seven citizens and taxpayers of Knox County, who sued in their capacity as members of the Beer Board, Park Board, and as members of the Quarterly Court, against defendants W. H. Maynard and other Commissioners of Knox County, and against the County Judge and the County Court Clerk.

The bill charges that the County Commissioners have taken over the duties of the Beer Board appointed by the Quarterly County Court, and have taken over the duties of the Park Board, the Planning Commission, and Board of Zoning Appeals.

The bill also charges that the Commissioner has inserted in the budget certain illegal items which the complainants insist they are not obligated to approve and provide for.

It is set out in the bill that it is filed for the purpose of bringing about an orderly administration of the affairs

of Knox County, and that this can be done only by a proper declaration under the Declaratory Judgments Act, T.C.A. sec. 23-1101 et seq., of the line of demarcation between the jurisdiction, powers and duties of the Quarterly County Court upon the one hand, and the jurisdiction, powers, and duties of the County Commissioners upon the other; the bill charges that there exists in Knox County a rather sharp clash of opinions with respect to power, duties and jurisdiction of these bodies.

The prayers of the bill are for an injunction enjoining the County Commissioners from interfering with the Boards and duties of the County Court, etc., and in addition that the complainants have a Declaratory Judgment setting out their rights and powers.

The defendants filed demurrers to the bill which set out that under Chapter 183 of the Private Acts of 1937, none of these duties remain in the Quarterly County Court with the exception of fixing a tax rate for the budget submitted and to exercise such further jurisdiction over matters expressly reserved in the Constitution.

It is first insisted that the County Commission has illegally taken over the administration of duties of issuing beer permits under the Beer Board Act, Chapter 69, Public Acts of 1933, as amended by Chapter 53 of the Public Acts of 1943.

At this point we think it necessary to the proper understanding of the question before us, to first set out the caption of Chapter 183, of the Private Acts of 1937, which is as follows:

"An Act entitled An Act to centralize, consolidate and reorganize county administrative affairs * * *. Section 1. * * * That to the end that centralization, consolidation and coordination of County administra-

tive affairs may be more effectively attained and more economically and efficiently administered, there is hereby created * * * a Board of County Commissioners * * *."

On page 524, under Section 2 of the Act, the intention of the Act is expressly stated as follows:

"* * * it being the intention of this Act to divest all purely administrative and appointive powers out of the County Court and all other Boards or Commissions excepting the schools and those powers and duties expressly conferred upon the County Court by the Constitution of Tennessee, and vest the same in said Board of County Commissioners, and neither the County Court nor any other County Board, Commission or Agency shall have the power to duplicate the service herein imposed upon the County Board of Commissioners; provided, nothing herein shall be deemed to interfere with the judicial powers of the Justices of the Peace or of the probate powers of the County Court or the Judge or Chairman thereof."

This Act was construed by this Court in the case of *Troutman v. Crippen,* 186 Tenn. 459, 467, 212 S.W.2d 33, 39, in which among other things the Court said:

"The situation, as we view it, is simply this: The legislature, whether wisely or unwisely, has seen fit to transfer the administration of the governmental affairs of Knox County from the county court to a board of three commissioners. The act recites that this change is made in order that the administrative affairs of the county 'may be more effectively attained and more economically and efficiently administered.' That the legislature has a right to thus reorganize the coun-

ty government was declared by this Court more than a quarter of a century ago.''

In the case cited the Court reviews many authorities but bases its decision on the case of *Prescott v. Duncan,* 126 Tenn. 106, 148 S.W. 229, which case upheld the constitutionality of Chapter 237, Private Acts of 1911, by which the administration of the affairs of Shelby County were transferred from the County Court to a Board of Commissioners. These same principles are reaffirmed in *House v. Creveling,* 147 Tenn. 589, 250 S.W. 357; see also *Crockett County v. Walters,* 170 Tenn. 337, 95 S.W. 2d 305.

Complainants now complain in their bill that it was not the intent of said act of the Legislature to transfer to the Commissioners the right to control the issuance and revocation of beer permits in the County, or to transfer the duties of the County Court with respect to the Park Board.

The answer to these propositions are found in the provision of said Acts of 1937, which make no exceptions to the matters transferred to the Commission except with reference to schools and the constitutional matters provided for in the Quarterly Court. A further discussion of these matters would be to restate the rule in *Troutman v. Crippen, supra,* and would serve no useful purpose. It should be observed that the Beer Board Act was passed four years before the Acts of 1937.

The insistence of the Knox County Board of Commissioners that it had the authority to employ at the expense of Knox County, special counsel to represent it in this suit must be rejected. The statute creating the office of County Attorney for Knox County provides that Boards or Commissions of the County are required to

obtain the consent of the Quarterly Court before private attorneys may be employed for any county business. Such being the statute, this Board was without authority to employ private attorneys at the expense of Knox County, the consent of the Quarterly Court not having been obtained. And in this connection attention is called to the fact that the County Attorney of Knox County agreed with the views of the Board of Commissioners as to the issues in this case. The Board could, therefore, have relied upon him to represent it. That was a duty of his.

It is also contended and argued that if the commission should include items in the budget that are not legal, then the quarterly court should have the authority to allow these items.

However, the Acts of 1937 provides that after the Commission makes up the budget there shall be no authority in the quarterly court to add to or alter the budget. The remedy would be the same if the final authority to make up the budget was in the quarterly court. Any aggrieved party has the same right of redress in the courts as heretofore.

We are of the opinion therefore, that the Chancellor was correct in sustaining the demurrer, except as to employment of special counsel and, in dissolving the injunctions. Affirmed.

## On Petition to Rehear.

A petition to rehear has been filed by complainants seeking a reversal of our opinion of June 8, 1956, disallowing a fee for the solicitor for complainants.

It is urged in the petition that we had such a situation as here in *Brown v. Knox County,* 187 Tenn. 8, 212 S.W.

2d 673, 5 A.L.R.2d 1264, and that a fee was allowed in that case.

From what we have been able to find it does not appear that Chapter 231 of the Private Acts of 1939 was called to the attention of the Court in that case.

The Act among other things provides:

"No officer of said County shall employ any other attorney to represent the said County or any officer, board or commission thereof, save at his own personal expense, unless he shall first be authorized and empowered so to do by the Quarterly County Court of said County."

In the Brown case the County Solicitor represented the County Court. In the present case the County Solicitor was representing the Commissioners.

It is regrettable that we cannot allow a solicitor's fee here, as counsel has rendered valuable services, but we are simply without authority to do so in the face of the section of the Act quoted.

There has been another petition filed herein seeking to have our opinion clarified, but since the rendition of the opinion a decree has gone down, which, we think, fully sets out the holding.

The petitions are denied.