HOWARD BOZEMAN, JUDGE OF THE COUNTY COURT OF KNOX COUNTY, TENNESSEE,

*v.*

STATE OF TENNESSEE ex rel. JOEL H. ANDERSON, SR., et al.

(*Knoxville,* September Term, 1959.)

Opinion filed December 11, 1959.

Earl S. Ailor, Knoxville, for plaintiff in error.

Donaldson, Montgomery & Kennerly, Knoxville, for defendants in error.

Mr. Justice Tomlinson delivered the opinion of the Court.

It is declared by a Knox County Quarterly Court resolution of August 4, 1956 that Anderson & Anderson, a law firm at Knoxville, submitted its bill of $10,000 for professional services rendered under a contract of employment authorized by that Court. After discussion, pro and con, the appropriation was made. The County Judge refused the demand of Anderson & Anderson to issue the county's warrant in payment, the appropriation notwithstanding. That brought on this suit wherein the Circuit Court adjudged relators entitled to the peremptory writ of mandamus requiring the issuance of the warrant. This appeal followed.

By private legislative act of 1937 there was created for Knox County a Board of County Commissioners, Priv. Acts 1937, c. 183. Certain governmental activities, administrative in nature, and certain appointive powers were taken from the Quarterly Court and administrative

Boards, such as the Beer Board, and vested in this Knox County Board of County Commissioners. By reason thereof a serious dispute of several years duration had existed between the County Commissioners, on the one hand, and on the other, the Quarterly Court and various County Boards as to who had what authority with reference to particular county governmental matters. An unwholesome official atmosphere and attitdue and considerable litigation resulted. The professional services for which this suit is brought were rendered in connection with some of those disputes and lawsuits.

The right of the Quarterly Court to employ special counsel to represent it in cases and matters of this character is conceded, if properly authorized. The County Attorney so advised the Quarterly Court before or at the time of its employment resolution. The question here is whether the Quarterly Court properly authorized such employment so as to be liable for the services rendered and by it recognized, all as adjudged by the Circuit Court. The review on this appeal from such adjudication will be considerably narrowed by giving proper effect to the rule that:

"The records of the court are held to be the sole witness of the proceedings to employ counsel and authorize a charge against the county to pay him compensation." *Epps v. Washington County,* 173 Tenn. 373, 376, 117 S.W.2d 749, 750.

At a special session of the Quarterly Court on July 25, 1955 that Court appointed a committee from its members.

"to confer and contract with Anderson and Anderson, Attorneys, of Knoxville to represent Knox County in connection with the disputed matters hereinabove referred to and particularly to advise the Court whether or not the appropriations appearing in the budget are authorized by law, and if necessary to institute suits to determine the constitutionality of certain Acts of the Legislature above referred to, and upon the basis of which appropriations have heretofore been made by the Court. Said Committee is authorized to contract with said attorneys for reasonable attorney's fees to be paid to them for such services by the County."

The disputed matters were those generally mentioned at the outset of this opinion.

An item in re employment of attorneys to represent the County with reference to the matters mentioned was not included in the call for that special session of the Court. Hence, the County Judge says that the resolution authorizing and directing such employment was ineffective.

There is in the minutes of the meeting of the Quarterly Court meeting of December 5, 1955 this:

"In Re: Resolution, Committee appointed to employ counsel to represent the county with respect to certain matters".

The resolution was that the action of that Court in appointing said committee referred to in the previous resolution at its special session "for the purposes stated be in all respects ratified and approved, and that said Committee (naming them) * * * be and they are hereby reappointed for the purposes herein set forth, to continue as said Committee until the matters in dispute are fully

and finally settled, and the action of the Committee in employing said counsel is hereby ratified and approved, and when said services shall have been completed, said Committee will make a report to the Court with respect to reasonable compensation to be paid to said attorneys for their services.''

The minutes recite that ''said resolution was adopted on roll call, and said roll call being as follows:''

■■■ The effect of this December 5, 1955 resolution was to legalize by ratification that which had been done under the previous resolution. A legislature may ratify and approve that which has been irregularly done by it, if, in the absence of such irregularity in the beginning, such action would have been completely legal. *Baker v. Milam*, 191 Tenn. 54, 60, 231 S.W.2d 381. Since the Quarterly Court could have authorized such employment at its special session, except for the fact that it was not an item included in the call, and since such Quarterly Court is a legislative body with reference to such a county matter, it follows that the irregularity in the employment of Anderson & Anderson was corrected, and the employment made legally effective.

■ In the subsequent Quarterly Court resolution of August 4, 1956, it is recited that:

''Esq. Bayless offered a motion that Anderson and Anderson, Attorneys, be paid the $10,000.00 out of the general purpose fund of the County, said motion was duly seconded by Esq. Knott.''

In the discussion which followed Mr. Anderson, Sr., in response to an inquiry by a member of the Court

"explained to the Court in detail in regard to his fees * * *", and then follows this statement:

"Reverting to the original motion of Esq. Bayless to pay the firm of Anderson and Anderson, said motion carried on roll call, said roll call being as follows:"— naming ten Justices voting for the resolution and five against it.

This was an official recognition by the County through its Quarterly Court that Anderson & Anderson had rendered the professional services for which that law firm was employed; and that the amount, therefore, owed by the County to this firm was $10,000. Accordingly, that amount was appropriated out of the county tax account. No one questioned the amount of the fee as being unreasonable.

Ordinarily, that which is reflected by the minutes of this Quarterly Court, and hereinbefore stated, should have settled the matter, once and for all, and leave the County Judge without any discretion as to whether the warrant for the money so appropriated should be issued. But other objections are interposed.

At the time of the passage of the ratifying resolution of December 5, 1955 there was pending in the Supreme Court of Tennessee with reference to these matters the following cases, the first two of which were decided by that Court on June 8, 1956, and the third on December 9, 1955, to wit: *State ex rel. Maynard v. Armstrong,* 200 Tenn. 191, 292 S.W.2d 7; *Bayless v. Maynard,* 200 Tenn. 568 292 S.W.2d 774; *Bayless v. Knox County,* 199 Tenn. 268, 286 S.W.2d 579.

Anderson & Anderson appeared as attorney of record in *State ex rel. Maynard v. Armstrong* and *Bayless v. Knox County* cases. That firm does not appear as counsel of record in *Bayless v. Maynard*. It is recited in the decrees in each of those cases that the litigation was beneficial to the County and the County was ordered to pay the costs. *Bayless v. Knox County* expressly holds that it was the County "for whose benefit the bill herein was filed and the recipient of the benefits therefrom resulting".

While the record does not show when these suits were instituted in the Court of original jurisdiction, the brief of the County Judge states that they were instituted in July and August of 1955. Hence, says the brief the resolution of December 5, 1955 ratifying the previous employment does not make the fee for services rendered prior to December 9, 1955 a proper charge against the county. Since the employment of relators was in July 1955, the work in the Trial Court was done after the irregular, but subsequently ratified, employment.

■■■ As held by the Trial Judge, the Knox County Quarterly Court was well aware of the services being rendered in the Trial Courts by Anderson and Anderson at the time it ratified and confirmed the employment of July 25, 1955. But the County Judge's reasoning is that the employment resolution of July 1955 cannot be given effect for services rendered prior to the December 1955 ratification because the 1939 Private Act, Chapter 231 provides that "no officer of said County" shall employ counsel to represent the County unless "*first*" authorized by the Quarterly Court. This statutory restriction proposes to so limit the authority of officers and Boards

of the County. It does not, however, propose to be applied to the Quarterly Court. And a quite substantial part of the services rendered in these causes was after the December ratifying resolution. The opinion of the Supreme Court in two of the cases was rendered months thereafter, and on petition to rehear, as to the third case, about three months thereafter.

Each of the suits was instituted by taxpayers, or members of the Court, or individual members of certain County Boards. It is, therefore, insisted by the appellant that the appropriation of the $10,000 for payment of the fee in question is an attempt to pay with county funds fees of attorneys for services rendered "private individuals"; hence, an unlawful appropriation of public funds.

In *Reece v. Polk County,* 3 Tenn.Civ.App. 354, 359, 360, the Court stated this same question as follows:

"It is insisted that this was the suit of private individuals, and that the public was, therefore, not interested, and that the County Court could not legally employ counsel and appropriate money to aid in the prosecution of this suit."

In rejecting that insistence the Court ruled as follows:

"If the maintenance of this Court imposed a financial burden upon the tax payers and the revenues of the county, and the County Court in good faith believed the act to be unconstitutional, we think it had the right to employ counsel to test its constitutionality in the Courts, and the manner in which it was tested, we think, is wholly immaterial. We not only think that

the County Court, under the facts recited in its resolution, had the right to employ counsel to test the constitutionality of this act, but that probably it was its duty to do so. In any event, in the absence of bad faith, we are not prepared to say that this was not a proper suit for the county to institute or aid.''

That case is exactly in point on the question here. This Court in that case denied writ of certiorari. The opinions mentioned settled serious controversies between the respective governmental entities, and that it was otherwise of much benefit to Knox County is established by that which was finally adjudicated in the litigated cases. Read the published opinions of this Court in the aforementioned cases.

The long and bitter controversies as to the rights, duties and liabilities of the respective officials, and as individuals, plus the statements made by the County Judge to the Quarterly Court during a discussion of some of the questions stated indicate that as a matter of precaution and for his own protection he was of the opinion that the question of the payment of this fee should be settled by the decree of this Court. He could hardly be blamed. The tenor of the brief submitted here in the County Judge's behalf leaves the same impression.

Affirmed and remanded with all costs now accrued adjudged against the County.