ALFRED L. ENGLISH, Judge of the Court of General Sessions for Bedford County, Tennessee,

*v.*

MAC FARRAR, County Judge of Bedford County, Tennessee.

(*Nashville,* December Term, 1959.)

Opinion filed February 5, 1960.

WILLIAM S. RUSSELL, Shelbyville, for plaintiff in error.

L. S. HAUGHLAND, and HOYTE E. ADAMS, JR., Shelby-ville, for defendant in error.

190

Mr. Special Justice S. A. Marable delivered the opinion of the Court.

The plaintiff in error, who is the Judge of the Court of General Sessions of Bedford County, brought this suit in the Circuit Court of said county against the County Judge, seeking an adjudication under the provisions of the Declaratory Judgments Act, Section 23-1101 et seq., T.C.A., with reference to the amount of the salary provided by law for the services of said Judge of the Court of General Sessions, and involves a construction of certain Acts of the Legislature pertaining to said court.

Specifically, it is the contention of the plaintiff in error that he is entitled to a salary of $7,200 per annum for his services as Judge of said Court of General Sessions, while the County Judge insists that such salary should be only $6,000 per annum.

The case was heard by the Circuit Judge on the petition filed, the answer thereto, and a stipulation of facts, after which he rendered judgment against the contentions of the plaintiff in error, holding that the salary provided by law for the services of the Judge of the Court of General Sessions of said county was in the amount of $6,000 per annum, and dismissed the petition,

from which the plaintiff in error has appealed and filed two assignments of error, as follows:

(1) The judgment is contrary to the law and evidence, and there is no evidence to support the judgment.

(2) The court erred in refusing to direct a verdict for the petitioner (appellant), and in dismissing the petition, and in overruling petitioner's (appellant's) motion for a new trial.

In 1947, the Legislature passed an Act (Chapter 41, Private Acts of 1947) creating a Court of General Sessions for Bedford County, which Act sets out the powers, duties, etc., of the Judge of said court, and fixed his compensation or salary at $3,000 per annum, as stated in Section 13 of said Act.

In 1949, by Chapter 151, Private Acts of that year, the Act of 1947 above mentioned was amended by the Legislature so as to increase the salary of the Judge of said General Sessions Court from $3,000 to $3,600.

In 1953, the Legislature passed another Act pertaining to said Court of General Sessions (Chapter 224, Private Acts of 1953), which is as follows:

"An Act to authorize and empower the Judge of the Court of General Sessions of Bedford County, Tennessee, to grant Injunctions, Attachments, Writs of Ne Exeat, and other extraordinary process; and providing for additional compensation for the Judge of said Court for the additional duties and labors imposed.

"Section 1. *Be it enacted by the General Assembly of the State of Tennessee,* That the Judge of the Court of General Sessions of Bedford County, Tennessee is

hereby authorized and empowered to grant injunctions, attachments, writs of ne exeat and other extraordinary process.

"Section 2. *Be it further enacted,* That an additional compensation of $1,200.00 per annum, payable monthly, be paid the Judge of the Court of General Sessions of Bedford County, Tennessee, from the general county revenues.

"Section 3. *Be it further enacted,* That the General Assembly of the State of Tennessee expressly declares that each section, subsection, paragraph, and provision of this Act is severable and that should any portion of this Act be held unconstitutional or invalid, the same shall not affect the remainder of this Act, but such unconstitutional or invalid portion shall be elided, and the General Assembly of the State of Tennessee declares that it would have enacted this Act with such unconstitutional or invalid portions elided therefrom.

"Section 4. *Be it further enacted,* That this Act shall take effect from and after its passage, the public welfare requiring it."

In 1957, the Legislature passed another Act (Chapter 250, Private Acts of 1957) to amend Chapter 41, Private Acts of 1947, *as amended,* which is as follows:

"A Bill to be entitled: An Act to amend Chapter 41, Private Acts of 1947, as amended, the Caption of which is as follows: 'An Act to create and establish a Court of General Sessions in and for Bedford County, Tennessee; to define its powers and jurisdiction; to provide for the election, qualification, tenure of office, and compensation of said Judge of said Court,

and for filling vacancies; to divest Justices of the Peace of said County of jurisdiction and authority to try civil and criminal cases; to provide for a Clerk of said Court, and the compensation, duties and authority of said Clerk; and to provide for costs and fees of said Court and the disposition thereof; and to repeal all the laws in conflict with this Act which apply to Bedford County, Tennessee.'

"Section 1. *Be it enacted by the General Assembly of the State of Tennessee,* that Section 13, of Chapter 41, Private Acts of 1947, as amended, the title to which is set forth in the title of this Act, be, and the same is, hereby amended to read as follows:

" 'Section 13. From and after the election, installation and qualification of the Judge of the General Sessions Court of Bedford County, Tennessee, as hereinbefore set out, taking office on the first day of September, 1958, and thereafter his salary shall be Six Thousand ($6,000.00) Dollars per annum, payable in equal monthly installments. Said salary shall be paid out of the general funds of said County.'

"Section 2. *Be it further enacted,* That this Act shall have no effect unless the same shall have been approved by a two-thirds vote of the Quarterly County Court of Bedford County, Tennessee, on or before November 1, 1957. Its approval or nonapproval shall be proclaimed by the presiding officer of the body having jurisdiction to approve or the reverse, and shall be certified by him to the Secretary of State.

"Section 3. *Be it further enacted,* That this Act shall take effect from and after its passage for the purpose of validating same as provided for in Section

2 above, and for all other purposes from and after September 1, 1958.''

The two Acts above quoted are set out fully herein in order that all of their provisions may clearly appear, in view of the particular questions presented relative to their construction. Said two Acts, together with the Act of 1947 creating said Court of General Sessions and the amendatory Act of 1949, are the only Acts pertaining to the subject of compensation or salary of the Judge of said Court, but the two latter Acts are not being questioned in this suit. In addition to the four Acts above mentioned, the Legislature passed two other Acts relating to the Court of General Sessions of Bedford County, Chapter 232, Private Acts of 1947, and Chapter 310, Private Acts of 1951, but neither of these Acts relate in anywise to the compensation of the Judge of said Court, but all of said statutes apparently form a system for the establishment and operation of the Court of General Sessions of Bedford County.

The stipulation of facts filed by the parties may be briefly summarized as follows:

That the petitioner, Alfred L. English, was duly elected and installed as Judge of the General Sessions Court of Bedford County, first taking office in 1949; that the salary of said office was $3,600 per annum at that time; that the Legislature, by virtue of Chapter 224, Private Acts of 1953, gave the Judge of said Court certain additional powers and duties, and provided additional compensation of $1,200 per annum; that the petitioner received such additional compensation and exercised the additional powers and duties prescribed by said Act throughout his original term of office, which ended

August 31, 1958; that the petitioner was reelected to another term of eight years, which commenced on September 1, 1958; that the original Act of 1947, establishing said Court of General Sessions, was amended by Chapter 250, Private Acts of 1957, raising the salary of the Judge of that Court to $6,000 per annum, and said amendment was properly approved by the Quarterly County Court of said County; that the petitioner has been paid by the defendant County Judge during the present term upon the basis of a salary of $6,000 per annum; and that the petitioner has, during his present term, continued to exercise the additional powers and duties conferred by Chapter 224, Private Acts of 1953.

█ It is the contention of the plaintiff in error (petitioner below) that the Act of 1953 contained no express reference to the Act of 1947 creating said Court of General Sessions, and that it was not an amendment of said Act, but that it was a separate Act providing additional compensation for the additional duties and labors imposed on the Judge of said Court, and that the legislative intent was that both of these Acts be operative in the nature of "dual Acts"; also, that the Act of 1957, amending the Act of 1947, made no reference to the Act of 1953, and did not repeal said latter Act, consequently both Acts are still in effect and that the Judge of said Court is entitled not only to the salary of $6,000, as provided by the Act of 1957, but also to the additional amount of $1,200 provided by the Act of 1953. It is further insisted that the additional compensation provision of the 1953 Act was never judicially attacked, and that, in any event and not having been repealed, it became effective as of September 1, 1958, when a new term began for the Judge of said Court.

196

We are unable to find any merit in these contentions of the plaintiff in error. In the first place, the Act of 1953 is not an entirely independent or separate Act from the Act of 1947, by any reasonable interpretation thereof, but is entirely dependent upon the prior Act for any efficacy whatsoever, and amendatory of same by clear implication. It simply adds some duties and powers to those provided by the Act of 1947, for the Judge of the Court established by that Act to perform, and attempts to increase the salary of the Judge by the amount of $1,200 per annum over his previously fixed salary. The words *"additional* duties and labors"*, and *"additional* compensation"*, appearing in the 1953 Act, refer, at least, by implication, to the other duties and labors and compensation set out in the original Act, and indicate the amendatory character of said Act. An Act may be deemed to amend an existing statute, by implication, even though the existing statute was not mentioned by title or substance. *Pritchard v. Carter County Motor Co.,* 197 Tenn. 222, 270 S.W.2d 642; *Tennessee Electric Power Co. v. City of Chattanooga,* 172 Tenn. 505, 114 S.W.2d 441. And, in such cases, including repeals by implication, Article 2, Section 17 of the Constitution of Tennessee does not apply. *Clark v. State ex rel. Bobo,* 172 Tenn. 429, 113 S.W.2d 374, 782; *Brown v. Knox County,* 187 Tenn. 8, 212 S.W.2d 673, 5 A.L.R. 2d 1264; *Home Insurance Co. v. Taxing District,* 72 Tenn. 644, and numerous other authorities unnecessary to recite herein. Repeals and amendments by implication, although not favored, are recognized as a matter of necessity. *Texas Co. v. McCanless,* 177 Tenn. 238, 148 S.W.2d 360.

The Act of 1957 expressly amended the Act of 1947 *as amended,* by changing the amount of the compensation for the services of the Judge of the Court of General Sessions of Bedford County as set out in said primary Act and its amendments, and positively fixing said compensation at the amount of $6,000 per annum, from and after September 1, 1958, that being the beginning of a new term of office of the Judge of said Court after the enactment of said statute. If the Act of 1953 be treated as an amendment of the 1947 Act, as we have hereinabove indicated, then, we can only conclude, that the salary provision of the 1957 Act was intended by the Legislature to be substituted for and replace, not only the salary provisions of the 1947 Act, but also of all subsequent amendatory Acts. Neither the title nor substance of an intermediate amendatory Act need be recited in a subsequent amendatory Act sufficiently reciting either the title or substance of the original statute sought to be amended. *State v. Brown,* 103 Tenn. 449, 53 S.W. 727; *Knoxville v. Gass,* 119 Tenn. 438, 104 S.W. 1084.

However, the Act of 1953 may be considered, whether as an amendatory Act, or as a separate Act, and aside from any question as to the constitutionality of any of its provisions, it was unquestionably repealed by the 1957 Act, by implication, in so far as the matter of the Judge's salary therein mentioned is concerned, because of the irreconcilable inconsistency, conflict and repugnancy between the two Acts.

The Act of 1953, as heretofore stated, merely increased the salary of the Judge of the Court of General Sessions from $3,600, as it stood on March 26, 1953, to $4,800. In 1957 the Legislature again increased the salary to $6,000, and in plain unmistakable language stated that the salary

of said office was to be said amount beginning September 1, 1958, *and thereafter.*

The fact that the 1957 Act did not make any reference expressly to the 1953 Act had no bearing upon the effect of the former Act in its repeal, by implication, of the latter Act, for the reasons above stated, and as supported by many decisions of our highest courts, some of which being as follows:

"Our cases generally hold, as in *Bailey v. Drane,* 96 Tenn. 16, 33 S.W. 573, and *Brown v. Knox County,* supra, that acts which suspend the operation of prior repugnant acts by implication are not subject to the strictures of Article 2, Section 17 of the Constitution. * * *

"While we have no case in this State dealing with the question whether an act which is expressly amendatory of an act can by implication suspend the operation of another prior act without reference to the act which is suspended or repealed, our attention is directed on the State's brief to *State Board of Charities and Corrections v. Combs,* 193 Ky. 548, 237 S.W. 32, 35, wherein the Court of Appeals of Kentucky holds:

" 'If an amendatory act contains legislation which is irreconcilably inconsistent with a provision of a previously existing statute, which is not mentioned in the title of the amendatory act, and the provision of the amendatory act is germane to its own title and not foreign to it, so that it is covered by the title of the act, no reason is perceptible why the provision of the amendatory act would not work a repeal of the previously existing and outstanding inconsistent statute, by

implication.' '' *Chicago & Southern Air Lines, Inc. v. Evans,* 192 Tenn. 218, 240 S.W.2d 249, 251.

"We think the Chancellor's conclusion is well supported by our cases, and that where, as here, there is a repeal or amendment by implication, there is no violation of section 17, Art. II, although no reference is made in the caption or body of the Act to Acts repealed or amended. The former Acts are affected only so far as they may be irreconcilable or inconsistent with the Act under review. Since there is no expression in the Act under review that it was a repealing or amendatory Act, it is clear that if former laws are repealed or amended by it, this is effected by necessary implication. Many of our cases have dealt with the question of the application of Art. II, sec. 17 of the Constitution, to repeals by implication and these cases all stem from the classic opinion by Judge Cooper in *Home Ins. Co. v. Taxing District,* 72 Tenn. 644." *Brown v. Knox County,* supra [187 Tenn. 8, 212 S.W.2d 676].

"Although a later act may not cover the entire subject-matter of an earlier act, nor purport to provide a new system, if the later act is repugnant and irreconcilable on a particular point, it will operate as a repeal by implication to the extent of the repugnance and conflict." *Crenshaw v. Texokola Pecan Shellers, Inc.,* 171 Tenn. 273, 280, 102 S.W.2d 60, 63.

"* * * The legislative intent controls. *Haley v. State,* 156 Tenn. 85, 299 S.W. 799. A repeal by implication is clearly indicated, since an irreconcilable repugnance is apparent. While, as insisted, repeal by implication is not favored, our many cases so announcing all agree that a later statute will operate as a

repeal of an earlier statute, if the repugnance and conflict between them is such that they cannot stand together.'' *Hart v. Pierce,* 169 Tenn. 411, 418, 88 S. W.2d 798, 800.

 Where two statutes cover the same subject-matter the last enactment repeals the former by implication. *Stonega Coke & Coal Co. v. Southern Steel Co.,* 123 Tenn. 428, 131 S.W. 988, 31 L.R.A.,N.S., 278.

It is evident that the Act of 1957 was intended to supersede all prior acts on the question of the salary of the Judge of said Court of General Sessions of Bedford County, and comprise in itself the sole and complete legislation on the subject, and consequently it effected a repeal of all prior acts on that subject. *Stonega Coke & Coal Co. v. Southern Steel Co.,* supra. If the Legislature had intended for the amount of $6,000 to be in addition to that provided by the Act of 1953, it would have been an easy matter for it to have said so, but no such pronouncement was made or can be inferred from the language of the Act, which, as heretofore said, is clear, definite and positive in its meaning. The two acts cannot stand together, under any fair and reasonable interpretation, and consequently the 1957 Act must prevail, as it is the last word of the Legislature on the subject.

We concur with the learned Trial Judge in the conclusion announced by him in his written opinion filed in this case, as follows:

''It seems to me that the logical conclusion is that it was the intention of the Legislature to fix the salary at $6,000.00 and no more. The 1957 amendment was a positive statement as to what the salary would be commencing September 1, 1958, without equivocation,

and it is my opinion that the Legislature did not mean for the two acts to be operative. All previous legislation with respect to the salary of the Judge of the Bedford County Court of General Sessions was either expressly or impliedly repealed or modified. The 1957 amendment is the last word of the Legislature on the question of the salary for the office in question, and being the last word it is the law.''

In our view of this case, expressed hereinabove, it is unnecessary to consider the question of the constitutionality of the Act of 1953, with respect to the salary provision therein, as, in any event, such provision was impliedly repealed by the Act of 1957. The case of *Bayless v. Knox County*, 199 Tenn. 268, 286 S.W.2d 579, relied upon by the plaintiff in error, is not a case in point. That case considered the constitutionality or validity of a statute, increasing the salary of certain judges, enacted during their terms of office, and the effect of such statute during a succeeding term of office when the statute had not been judicially attacked and held invalid by any prior Court adjudication. It did not present the question, as in this case, where the Legislature had passed a later act repealing the statute in question. Nor do any of the other cases, cited in plaintiff in error's brief, present a situation such as we have in the instant case, or conflict in any wise with our holding in this case.

The assignments of error are overruled, and the judgment of the Circuit Court is affirmed.