Swaim *et al. v.* Smith, County Judge, *et al.*[*]

McNairy County *et al. v.* Same.

(*Jackson,* April Term, 1939.)

Opinion filed July 1, 1939.

[*]See Walker v. Stone, p. 700, *infra.*

690

ABERNATHY & ABERNATHY and M. E. LEE, all of Selmer, and Ross & Ross, of Savannah, for appellants.

W. P. Moss, of Jackson, J. C. and CHARLES T. HOUSTON, of Selmer, and JOHN A. SHELTON, of Adamsville, for appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

By chapter 281 of the Private Acts of 1939 the Legislature undertook to redistrict McNairy County. These two suits involved the constitutionality of that Act. The first named suit was filed by certain officials and others insisting that the Act was bad. The second named suit was filed by McNairy County, suing by the County Attorney and others by way of setting up and enforcing the Act. The chancellor was of opinion that the Act was unconstitutional and the validity of the statute is the determinative question on appeal. The statute is entitled:

"An Act to redistrict McNairy County by the consolidation of several of its Civil Districts, to renumber the districts as laid out and to provide for the magistrates and constables thereof and to abolish the offices of magistrate in the incorporated towns therein."

The first section of the Act provides that Civil Districts 8, 16, 11 and 7 "be and the same are hereby consolidated and from and after the effective date of this Act shall be known as Civil District No. 1." Continuing

this section provides "Poney Gibson and W. H. Walker, who were duly elected magistrates for the civil districts included in Civil District No. 1 are hereby designated as magistrates for said Civil District No. 1."

Section 1 then proceeds to consolidate Civil Districts 17, 19, 3 and 2 into Civil District No. 2. Civil Districts 12 and 15 into Civil District No. 3, etc., laying off the county into six civil districts when heretofore it had been divided into nineteen civil districts. Two magistrates are named for each of the new civil districts in language similar to that embodied in designating Gibson and Walker as magistrates for the new Civil District No. 1. This is true as to each of the new districts except new district No. 5. As to that district it is provided that "Roy Huggins, Thomas Jones and C. L. McCullar, all duly elected magistrates from one of the civil districts merged to constitute Civil District No. 5, are hereby designated as magistrates from Civil District No. 5, it being the Civil District containing the county town."

Section 2 of the Act is in these words: "Be it further enacted, That from and after the effective date of this Act, the office of justice of the peace in each of the incorporated towns contained in McNairy County be and the same is hereby abolished and for naught held."

The first assault upon the Act is that it violates section 17 of Article 2 of the Constitution. The argument is that the Act contains two subjects, (1) redistricting McNairy County and (2) abolishing the offices of the magistrate in the incorporated towns therein.

We do not find merit in this criticism of the statute. Under its previous organization the County Court of McNairy County was composed of forty-one justices of the peace—two for each of the nineteen districts and

one for each of the incorporated towns in that county. Legislation like that before us has been quite common in Tennessee during recent years. A county court with large membership has been often found an inefficient and unwieldy body. It has been thought that better county government would be obtained by entrusting responsibility to fewer men. The underlying purpose of all this legislation is to reduce the membership of the county courts for the reasons indicated. Abolishing the office of magistrates in incorporated towns tends to further this purpose and is germane thereto. Tested by previous decisions of this court, the Act does not contravene the one-subject clause of the Constitution.

That clause of the Constitution "was intended to prevent a combination in the same act of laws upon wholly different subjects; to avoid the union of incongruous matters in one statute; to secure unity of purpose in legislative enactments. *State* v. *Lasater*, 68 Tenn. (9 Baxt.), 584, [594]; *State ex rel. Morrell* v. *Fickle*, 71 Tenn. (3 Lea), 79; *Garvin* v. *State*, 81 Tenn. (13 Lea), 162; *Powers* v. *McKenzie*, 90 Tenn. [167], 178, 16 S. W., 559; *State* v. *Brown*, 103 Tenn., 449, 53 S. W., 727; *Memphis St. Railroad* v. *Byrne*, 119 Tenn., 278, 104 S. W., 460; *Kizer* v. *State*, 140 Tenn., 582, 205 S. W., 423. In these cases and others, statutes have been upheld which upon first inspection appear to have attempted legislation in regard to different matters. Such matters at least were separately mentioned, both in caption and body. An examination of the several statutes, however, disclosed that the matters included in each were related, and that the general purpose of each statute was expressed in its title. It made no difference if such general purpose was expressed

in a compound sentence in the caption." *Bell* v. *Hart,* 143 Tenn., 587, 223 S. W., 996.

And in *Goetz* v. *Smith,* 152 Tenn., 451, 278 S. W., 417, 419, we said:

■  "From a review of our decisions, it appears, if, upon analysis of the entire statute, its real object or purpose can be discovered, and this object or purpose is fairly indicated in the caption, the title is sufficient. If the various provisions of the act are germane to the object or purpose so discovered and indicated, they are not beyond the title."

Passing the foregoing objection, it is next urged that the statute is invalid insofar as it undertakes to name the officials to serve as justices of the peace for the newly created districts. We think this objection must likewise be overruled.

■  We may first express our opinion that justices of the peace who will function in McNairy County as redistricted (with exception of the magistrates in the incorporated towns) will fill new offices. The districts will be new and the magistrates will be new. True there were magistrates in McNairy County prior to the Act but no magistrates for these new districts.

Such being the situation, we think it was entirely competent for the Legislature to fill vacancies in the newly created offices, temporarily, under Article 7, Section 4 of the Constitution, "The election of all officers and the filling of all vacancies not otherwise directed or provided by this Constitution, shall be made in such manner as the Legislature shall direct." *Grindstaff* v. *Carter County,* 152 Tenn., 605, 279 S. W., 1041, and cases cited.

■  The fact that the statute fixed no time during which these designated magistrates should serve is im-

material. Article 6, Section 15 of the Constitution, provides that justices of the peace shall be elected in each district by the qualified voters therein and the Act could not have extended the tenure of the officials named further than the next election. The Constitution will fix the tenure of these designated magistrates regardless of the silence of the Act.

Article 7, Section 5 of the Constitution, provides that "Elections for judicial and other civil officers, shall be held on the first Thursday in August, on thousand eight hundred and seventy, and forever thereafter on the first Thursday in August next preceding the expiration of their respective terms of service." And further that "The term of each officer so elected shall be computed from the first day of September next succeeding his election."

Accordingly the magistrate's designated for the new districts by this Act will serve until their successors are elected in the general election on the first Thursday in August, 1940, and duly qualified. The view just expressed is strongly opposed by counsel for the old officers upon the idea that Section 678 of the Code controls the method by which a vacancy in the office of justice of the peace is to be filled. That section is as follows: "Whenever a vacancy in the office of a justice of the peace occurs, it is filled for the unexpired term by a special election, to be held for the purpose, on ten days' notice."

Counsel's argument appears to be based on section 431 of Shannon's Code, section 342 of the Code of 1858, which is as follows: "Whenever a vacancy in the office of Justice of the Peace occurs, it is filled by special election, to be held for the purpose on ten days' notice."

It will be noted that under section 678 of the

Code of 1932 the special election provided for a justice of the peace is to fill the office "for the unexpired term." The quoted words do not appear in the earlier Codes. Language of this court used in *State* v. *Akin*, 112 Tenn., 603, 79 S. W., 805, and of the Court of Chancery Appeals in *State* v. *Allen*, Tenn. Ch. App., 57 S. W., 182, is not applicable. The special election provided in section 678 of the Code is for a justice of the peace to fill out an unexpired term. There are, of course, no unexpired terms in these newly created offices. Temporary appointees will hold the offices until the August, 1940, election, when the magistrates will be elected for the full term of six years.

One criticism of the Act before us is, in our opinion, well made. That is, the criticism of section 2 which undertakes to abolish the office of justice of the peace in each of the incorporated towns in McNairy County. We think this section of the Act cannot be sustained. Article 6, Section 15 of the Constitution, provides:

"The different counties of this State shall be laid off as the General Assembly may direct, into districts of convenient size, so that the whole number in each county shall not be more than twenty-five, or four for every one hundred square miles. There shall be two Justices of the Peace and one Constable elected in each district, by the qualified voters therein, except districts including county towns, which shall elect three Justices and two Constables. . . . The Legislature shall have power to provide for the appointment of an additional number of Justices of the Peace in incorporated towns."

The constitutional provision is that the districts including county towns "shall elect three Justices and two Constables." This is a constitutional recognition that centers of population require an additional magistrate

and the language used is imperative. To deprive an incorporated town of the additional magistrate for the district in which it is located is to deprive it of a constitutional right.

For these reasons we conclude that section 2 of chapter 281 of the Private Acts of 1939 is invalid but there seems to be no reason for regarding it as indispensable to the statute. The legislative purpose to reduce the number of the justices of the peace in McNairy County will not be frustrated by the elision of section 2. Accordingly we elide that section and carry out the legislative intent as far as we can.

As heretofore stated, the Act before us designated three magistrates for the new district No. 5 which was said to be the civil district containing the county town. The last sentence in Section 15 of Article 6 of the Constitution, above quoted, authorizes legislative appointments of additional number of justices of the peace in incorporated towns. Naming three magistrates for this particular district does not displace the magistrate formerly representing this county town but is effective to make the town represented by two magistrates.

What we have said disposes of the chief constitutional objections made to the Act. An argument is made that old Civil District No. 2 has not been abolished because the Act gives the same number to the new civil district composed of Civil Districts 17, 19, 3 and 2. The same argument is made with respect to old Civil District No. 5, because that number is given to the new civil district composed of Civil Districts 4, 5 and 6. This argument is based on *State* v. *Akin*, 112 Tenn., 603, 79 S. W., 805, construing chapter 363 of the Acts of 1903 redistricting Maury County.

The statute before the court in that case provided that "Civil District No. 1 shall embrace . . . Districts Nos. 1, 17 and 18, as now established and existing." Section 2. The court construed the statute not to destroy the original Civil District No. 1 but as merely adding to that district additional territory. A like conclusion was reached with respect to two other old districts.

An examination, however, of chapter 363 of the Acts of 1903 shows that statute to be different from chapter 281 of the Private Acts of 1939. The Act of 1903 was entitled "An Act to redistrict the county of Maury, State of Tennessee, into nine civil districts instead of twenty-five civil districts," etc. The Act of 1939, as above shown, is entitled "An Act to redistrict McNairy County by the consolidation of several of its Civil Districts, to renumber the districts as laid out, etc., etc." The enacting provisions of Act of 1939 are that several districts "be and the same are hereby consolidated" to be known as Civil District No. 1, 2, or 3, as the case may be.

The dictionary definition of consolidate in law is "To cause to become united and extinguished in a superior right or estate by both becoming vested in the same person; to merge." Webster's New International Dictionary.

By the consolidation of legal entities, the constituent bodies are united or merged into a new organization and as a rule no longer exist. We think this is true here. The districts are renumbered as laid out. We see no more reason for holding that old district No. 2 is preserved, merely enlarged, than for holding that old districts 17, 19, or 3 with which it was consolidated are preserved, merely enlarged.

Some other points are made which we have considered

but do not think it necessary to discuss. The chancellor's decree will be modified. We think the Act before us is not invalid except as to section 2.

In the case of *Swaim et al.* v. *Smith* the bill is sustained on behalf of Swaim, Wright and Harris, justices of the peace for Selmer, Adamsville and Bethel Springs, the incorporated towns in McNairy County, otherwise dismissed. Other complainants will pay two-thirds of the costs of that cause, defendants one-third.

In the case of *McNairy County* v. *Smith* the bill is dismissed as to Swaim, Wright and Harris, otherwise sustained. Complainants will pay one-third of the costs and defendants two-thirds.