WALKER *et al. v.* STONE *et al.*

(*Nashville,* December Term, 1938.)

Opinion filed July 1, 1939.

JOHN D. WISEMAN, of Murfreesboro, for appellants.

WALKER & HOOKER, of Nashville, for appellees.

MR. JUSTICE COOK delivered the opinion of the Court.

This appeal is from a decree of the chancellor sustaining defendants' demurrer to the bill. The complainants by their bill challenge the constitutionality of Chapter 91, Private Acts of 1939. By the act, it was provided that Moore County shall be redistricted and its civil districts reduced from eleven to six in number.

Section 1 of the act provides that in the county, which is designated by reference to federal census, there shall be civil districts as follows:

"The first civil district of said county as redistricted shall consist of the area embraced in the present civil district together with the lands of Wiley Robertson, Leighton Morris, Mrs. Felix Waggoner, D. E. Milsap, and Doc Robertson, which lands are now located in the Seventh District.

"The second civil district of said county as redistricted shall be composed of the land included in the Fourth and Sixth Civil Districts."

And then follows the erection of four other civil districts by use of words of similar purport.

By subsequent provisions of the act, justices of the peace are appointed for the newly created districts, to serve until the next regular August election.

From the decree of the chancellor holding the act valid, the complainants appealed and insist that the chancellor should have declared the act void (1) because it legislates complainants out of office in districts that were not extinguished by the enactment but which were enlarged by adding new territory to an existing district; (2) because the act fills the vacated offices contrary to Article 7, Section 4, of the Constitution, and suspends the general law for the benefit of those appointed to fill the vacancies.

It is a general rule that the courts must construe statutes so as to carry out the purposes for which they are enacted. In that connection, it should also be said that the General Assembly may in the exercise of the legislative power abolish existing civil districts in a county and create other districts, and when districts are abolished all the offices of the district officials cease to exist. The official life of those holding such offices prior to abolition of the district is immediately ended in the absence of some saving provision of the statute. *Grainger County* v. *State*, 111 Tenn., 234, 80 S. W., 750; *State ex rel.* v. *Hamby,* 114 Tenn., 361, 84 S. W., 622. Upon referring to this act, we find no saving provision that preserves the right of justices of the peace in the abolished districts to hold over. The act, in substance, provides that the civil districts of Moore County shall be reduced from eleven to six, and for the appointment of justices of the peace in the newly created districts. The legal consequences of the creation of six new districts from the territory that formerly composed the eleven old districts was to extin-

guish the old districts and to create the new. The offices of the justices of the peace for the old districts were dependent for their existence upon the old civil districts, and, when they were extinguished by use of their territory in making the new and enlarged districts, all offices in the districts ceased to exist and the official life of the officers terminated. *State ex rel. v. Hamby, supra.*

In *State* v. *Akin,* 112 Tenn., 603, 79 S. W., 805, the validity of an act redistricting Maury County was assailed upon the ground that it abolished the county court. The Court, by reference to *Grainger County* v. *State, supra,* overruled that insistence and sustained the power of the Legislature to redistrict a county, but in construing Chapter 363, Acts of 1903, redistricting Maury County, the Court held that certain of the several districts were not abolished because it appeared from words of the act that three of the old districts were preserved intact but enlarged by the addition of new territory. In the act before us, no such intention can be attributed to the Legislature. This act by express terms redistricts the county by reducing the number of civil districts from eleven to six and by defining the boundaries of the new districts by reference to a specific territory. The result was to extinguish the old districts. This is made apparent by the wording of the act which follows the number of each new district where it is said that as redistricted the new district shall consist of the area embraced or shall be composed of the land now embraced within the territory of the new district described in the act by reference to the boundaries of the old districts. The intention to create six new districts distinct from any of the eleven old districts is very clearly expressed in the act and by erecting

the territory embraced in the old into new districts the Legislature created six new and distinct districts.

Questions raised by complainants' assignments of error as to the appointment of justices of the peace for the newly created districts to hold until the next regular election are discussed and disposed of in an opinion of the Court filed today by Chief Justice GREEN in the case of *J. R. Swaim et al.* v. *R. Carter Smith*, 174 Tenn., 688, 130 S. W. (2d), 116. In that opinion it is held that the appointments of justices of the peace for the new districts are appointments to fill vacancies, and that such appointments may be made and the appointees hold office until the next regular August election.

We find no error in the decree of the chancellor, and it is affirmed.