STATE *ex rel.* HOLT *v.* WERT.

(*Knoxville,* September Term, 1940.)

Opinion filed June 28, 1941.

JOHN S. WRINKLE, of Chattanooga, for plaintiff in error.

T. POPE SHEPHERD and JOE V. WILLIAMS, both of Chattanooga, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a *habeas corpus* proceeding whereby the relator seeks to obtain his discharge from the workhouse in Hamilton County where he is serving out a sentence imposed upon him for certain offenses, upon his plea of guilty, by one Langley, alleged to have been illegally acting as a justice of the peace in that county.

In the case of *Shoup Voting Machine Corporation* v. *Hamilton County et al.*, 178 Tenn., 14, 152 S. W. (2d), 1029, decided today, we have stated the facts with reference to Langley's functioning as a magistrate in Hamilton County. The argument in that case, as in this, is that section 675 of the Code authorizing the election of a justice of the peace by each municipality was repealed by chapter 438 of the Private Acts of 1917.

Under color of section 675 of the Code, Langley was elected as a justice of the peace in 1936, and had been acting as such for about four years, with public acquiescence, when the relator's cases were submitted to him. Repeals by implication are not favored. There must be an irreconcilable conflict between the earlier statute and the later statute to work a suspension of the former. To say the least of it, the proposition that the Act of 1917 repealed by implication Code section 675 is quite debatable.

Such being the situation, we think this case falls under the authority of *Beaver* v. *Hall*, 142 Tenn., 416, 217 S. W.,

649. There an Act creating a court was held unconstitutional after the court and the judge had functioned for quite a while and disposed of much criminal and civil litigation. Upon a full review of the authorities by Justice McKinney, this court held that there might be a *de facto* court as well as a *de facto* judge. That the same reasons which necessitated the rule as to *de facto* officers necessitated the recognition of a *de facto* office at least where a judicial office was involved. This ruling was quoted and approved in the later case of *Ridout* v. *State,* 161 Tenn., 248, 269, 30 S. W. (2d), 255, 71 A. L. R., 830.

There being doubt as to whether section 675 of the Code has been repealed or suspended as to Hamilton County and the City of Chattanooga, the authority of *Beaver* v. *Hall, supra,* requires that we accredit the acts and authority of the justice of the peace assuming to have been legally elected by the municipality of Hamilton County, at least until it is decided that no such office exists.

The judgment of the court below dismissing the petition for *habeas corpus* is affirmed.