UNICOI COUNTY *et al. v.* FRYE.

(*Knoxville,* September Term, 1953.)

Opinion filed July 23, 1954.

TUCKER & ERWIN, of Erwin, for appellants.

LODGE EVANS and SHULL & WALL, all of Elizabethton, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This appeal involves the constitutionality of a Private Act of the Legislature providing for two additional Justices of the Peace for the incorporated town of Erwin. The Act reads as follows:

"Chapter No. 41
"House Bill No. 140
" (By Tipton)

"An Act authorizing two Justices of the Peace for the Town of Erwin, and naming Justices of the Peace for said town to serve until the next general election,

"Section 1. *Be it enacted by the General Assembly of the State of Tennessee,* That the Town of Erwin, being an incorporated town in the County of Unicoi, be and hereby is authorized to have two Justices of the Peace in addition to the number now allowed by statute.

"Section 2. *Be it further enacted,* That O. L. Huff and J. R. Dunbar be and are hereby named Justices of the Peace to serve until the next general election.

"Section 3. *Be it further enacted,* That this Act shall take effect from and after its passage, the public welfare requiring it.

"Passed: February 20, 1953.

"James L. Bomar,
"*Speaker of the House of Representatives.*

"Jared Maddux,
"*Speaker of the Senate.*

"Approved: February 26, 1953.

"Frank G. Clement,
"*Governor.*"

The Chancellor held the aforesaid invalid, the same being in violation of Article 2, Sec. 17 of the Constitution in that the body of the Act was broader than its caption.

An appeal was prayed and granted, and we now have the question for decision under an appropriate assignment of error.

■ Under the general law of the State every incorporated town is entitled to one Justice of the Peace and may by Private Act have additional Justices. It is conceded that by general law the town of Erwin has one Justice of the Peace. The contention is made that the effect of Section 1 of the Act is to create three (3) Justices for the town of Erwin, whereas the caption only authorizes two (2) such Justices. The constitutional requirement which the original bill charges to have been violated is that, "No bill shall become a law, which embraces more than one subject; that subject to be expressed in the title."

Contrary to the foregoing contention of counsel, we do not think the body of the Act creates three Justices of the Peace for Erwin. The caption provides for two Jus-

tices, naming them, whereas the body of the Act, Section 1, merely took notice of the fact that the town already had one. The Act did not purport to create an office already in existence under the general law.

As further· evidence of the fact that only two offices were created the caption gave notice that only two were in contemplation, and in conformity therewith only two persons were named to hold the offices. The Legislature was presumed to know that the town of Erwin was entitled to one Justice under the general law, Code, Sec. 675. This special Act does not affect the general law in any way. *Berry* v. *Hayes,* 160 Tenn. 577, 28 S. W. (2d) 50. The statutes are separate and distinct and the offices of three Justices of the Peace exist by virtue of both statutes.

We find no "hidden incongruity" in this special Act not germane to the purpose as stated in the caption. In *Hicks* v. *Rhea County,* 189 Tenn. 383; 225 S. W. (2d) 544, 545, it was held:

"Under constitutional provision that an act must embrace only one subject which is expressed in title, any provision of an act, directly or indirectly relating to subject expressed in title, and having a natural connection thereto, and not foreign thereto, should be held to be embraced in title. Const. art. 2, § 17."

We do not construe the Act as dealing with two subjects, or more than one subject, but there is one subject, i. e., that of increasing the number of Justices of the Peace over and above the number allowed by Code Section 675.

Counsel for the appellee have cited a number of cases dealing with the alleged invalidity of statutes where the statutes were stricken down because the body of the Act

was broader than the caption. But they are applicable only by way of analogy. It would unduly prolong this opinion if we undertook to distinguish them from the case at bar.

By all accepted rules of statutory construction it becomes the Court's duty to hold the Act constitutional if it is possible to do so resolving every reasonable doubt in favor of it.

We think the Chancellor's decree is error, and it is accordingly reversed.

BURNETT and SWEPSTON, Justices, concur.

PREWITT and TOMLINSON, Justices, dissent.

PREWITT, Justice (dissenting).

Since the majority opinion copies the Private Act in question, it is not necessary to recopy it here.

It seems to me that the first paragraph of the majority opinion shows that the Act in question is clearly unconstitutional. This paragraph reads as follows:

"This appeal involves the constitutionality of a Private Act of the Legislature providing for two additional Justices of the Peace for the incorporated town of Erwin."

The caption indisputably provides for two Justices of the Peace for the town of Erwin, while the body of the Act provides that the Town of Erwin, being an incorporated town in the County of Unicoi, be and hereby is authorized to have two Justices of the Peace in *addition* to the number *now* allowed by statute.

The majority opinion states correctly that under the general law of the State every incorporated town is entitled to one Justice of the Peace * * *. The caption of

the Act in question provided for two Justices of the Peace for the town, and the body of the Act plainly states that two Justices of the Peace are provided for "in addition to the number now allowed by statute."

Webster defines "addition" as meaning "added; increase; augmentation; accession." Giving the words "in addition" their ordinary meaning, the body of the Act can only mean that it provides for three Justices of the Peace instead of two and thereby violates Article 2, Sec. 17 of our Constitution in that the body of the Act is broader than its caption. It cannot be said that the provisions of the body of the Act are immaterial.

For the reasons stated, I think the Act is obviously and clearly unconstitutional.

I therefore respectfully dissent from the majority view.

Tomlinson, Justice, joins me in this dissenting opinion.