STATE OF TENNESSEE, on Relation of the TOWN OF ARLINGTON, et al., Appellants,

*v.*

SHELBY COUNTY ELECTION COMMISSION et al., Appellees.

352 S. W. 2d 809.

(*Nashville,* December Term, 1961.)

Opinion filed December 15, 1961.

Hanover, Hanover, Hanover & Walsh, Memphis, for appellants.

Laughlin, Watson & Creson, Memphis, for appellees.

Mr. Justice White delivered the opinion of the Court.

Appellants filed a bill under the Declaratory Judgment Statute, T.C.A. sec. 23-1101 et seq., against the Shelby County Election Commission and the Attorney General of the State of Tennessee as a nominal party, to have declared unconstitutional Ch. 523, Private Acts

of 1935, and for a writ of mandamus to require said Election Commission to hold an election in the incorporated municipality of Arlington, Tennessee, in Shelby County, for the election of a Justice of the Peace in conformity with Sec. 19-101 T.C.A.

To this bill appellees filed a demurrer in which it is contended that said Ch. 523, Private Acts of 1935, was and is a valid Act and within the competence of the General Assembly of this State to enact into legislation for the reasons more specifically set out in said demurrer.

The bill alleges in substance that the town of Arlington is an incorporated municipality in Shelby County with a population of 675 persons and, as such, would be entitled to one representative in the County Court of the County, by reason of said Section 19-101 of the Tennessee Code Annotated which was passed pursuant to Article 6, Section 15 of the Constitution of the State of Tennessee.

Article 6, Section 15 of the State Constitution provides as follows:

"Districts in counties—Justices and constables—Number—Term—Removal from district.—The different Counties of this State shall be laid off, as the General Assembly may direct, into districts of convenient size, so that the whole number in each County shall not be more than twenty-five, or four for every one hundred square miles. There shall be two Justices of the Peace and one Constable elected in each district by the qualified voters therein, except districts including County towns, which shall elect three Justices and two Constables. The jurisdiction of said officers shall be co-

extensive with the County. Justices of the Peace shall be elected for the term of six, and Constables for the term of two years. Upon the removal of either of said officers from the district in which he was elected, his office shall become vacant from the time of such removal. Justices of the Peace shall be commissioned by the Governor. *The Legislature shall have power to provide for the appointment of an additional number of Justices of the Peace in incorporated towns.*" (Emphasis supplied)

Pursuant to the italicized portion of this Constitutional provision, the Legislature passed Section 19-101, which provides as follows:

"Incorporated towns. — For every incorporated town, one (1) justice is to be elected by the qualified voters therein."

Subsequent to the passage of this Act, the Legislature passed a Private Act known as Chapter 523 of the Private Acts of 1935, which provides as follows:

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That Section 675 of the 1932 official Tennessee Code be and the same is hereby amended so as to read as follows:

"ONE JUSTICE FOR EACH INCORPORATED TOWN—For every incorporated town one Justice is to be elected by the qualified voters therein, except in Counties having a population of three hundred thousand or over by the Federal Census of 1930 or any subsequent Federal Census, in which said Counties a Justice of the Peace shall be elected from those incorporated towns only which have a population of one

thousand or over by the Federal Census of 1930 or any subsequent Federal Census, and the voters of no other incorporated town shall be entitled to elect a Justice of the Peace for said town.

"Sec. 2. Be it further enacted, That the enactment of this statute shall not affect the present term of office of any Justice of the Peace elected from any municipality which is prohibited from hereafter electing a magistrate by the provisions of this Act and as to such magistrates, this Act shall take effect September 1st, 1936. But, in the event of a vacancy occuring (occurring) in the office of any magistrate from such towns prohibited by this Act from hereafter electing magistrates, such vacancies shall not be refilled. For all other purposes, this Act shall take effect from and after its passage, the Public Welfare requiring it."

The bill alleges that said Private Act is unconstitutional and invalid because it is contrary to the general law of the State; that the appellants have requested appellees for said election to be held; that appellees have refused; that appellants have no redress of their rights and grievances except through the Courts; and all other necessary allegations to bring said cause within the province of the Declaratory Judgment Statutes of this State. Because a constitutional question was raised, the Attorney General of the State was made a party defendant. He filed an answer in which he disclaimed any interest in the controversy because it was a local County matter only not affecting the State at large.

The appellees filed a demurrer to the bill and the Chancellor thereafter heard argument thereon and took

the matter under advisement and in due course prepared a very exhaustive and able opinion which appears in the record. The Chancellor assumed, and correctly so, that the bill and the demurrer presented a justiciable issue and his discretion in so determining is not challenged on this appeal. A decree was entered dismissing the bill and the complainants, appellants herein, appealed to this Court.

Assignments of error, brief and argument have been filed on behalf of appellants and replies thereto have been filed on behalf of the appellees and the matters in controversy have been ably and vigorously presented in oral argument to the Court.

The appellants assign and rely upon one error only and that is that the court erred in holding Ch. 523, Private Acts of 1935, constitutional for the reason that it denies incorporated municipalities with less than 1,000 people a right to a Justice of the Peace and representation in the County Court, contrary to the general law of the State embodied in Sec. 19-101 T.C.A., which provides for the election of one magistrate for each incorporated town in the State of Tennessee regardless of population and, therefore, said Private Act suspends the general law in violation of Art. I, Sec. 8 and Art. XI, Sec. 8 of the Constitution of Tennessee. The prayer of the bill is that said Act is invalid, unconstitutional, null and void and the Court is asked to enter a decree to this effect.

█ It is the contention of the appellees that said Act is valid and constitutional since it affects the governmental and political functions of Shelby County only and, therefore, is not subject to the usual rule that Private Acts in contravention of general laws are invalid.

They also take the position that Art. VI, Sec. 15 of the Constitution relating to Justices of the Peace in incorporated towns, is not mandatory but permissive only.

With the second contention we readily agree i. e., that said Art. VI, Sec. 15, confers upon the legislative body of our government the power and the authority to provide for the appointment of an additional number of Justices of the Peace in incorporated towns. By permission of said section it has been provided by the Legislature "for every incorporated town one Justice is to be elected by the qualified voters therein."

While it is true that the Legislature may re-district a County by private act, it has never been expressly held that privileges, immunities or burdens may be granted or imposed upon a County in violation of an existing State statute having general application.

All municipalities of the State are created either by private act or under the terms and conditions of a general law by the voters living in a proposed new township or municipal corporation. In the creation and establishment of municipal corporations by private act, the drafters of such legislation are always careful not to place provisions in the charters of such municipal corporations which are contrary to provisions in the general laws of the State.

The cases relied upon by the appellants and appellees in their briefs and which were urged in their arguments at the bar of this Court have been most carefully examined and the exact question presented in this case has never been directly passed upon by this Court. How-

ever, in the case of *Swaim v. Smith,* 174 Tenn. 688, 130
S.W.2d 116, the late Chief Justice Grafton Green, in
passing upon the validity of a Private Act redistricting
McNairy County and abolishing the office of magistrates
in the incorporated towns located in that County, ap-
proved said Act after having elided Section 2 thereof,
which was in these words.:

"Be it further enacted, That from and after the
effective date of this Act, the office of justice of the
peace in each of the incorporated towns contained in
McNairy County be and the same is hereby abolished
and for naught held." Priv.Acts 1939, c. 281.

That portion of said Private Act which undertook to
abolish the office of Justice of the Peace in each of the
incorporated towns in McNairy County was, therefore,
held to be invalid by the Court. The result in that case
was that a general law was not permitted to be changed
or amended by a Private Act.

In the case of *Shoup Voting Machine Corp. v. Hamil-
ton County,* 178 Tenn. 14, 152 S.W.2d 1029, 1032, in an-
other opinion delivered by Mr. Chief Justice Green, the
Court recalled and retracted the statement made in
*Swaim v. Smith,* supra, in the following language:

"In the chancellor's opinion and in the argument
of counsel reference was made to the decision of this
court in *Swaim v. Smith,* 174 Tenn. 688, 130 S.W.2d
116, 119. We add this note to call attention to the in-
advertent misuse of a word therein.

"That case involved the validity of an Act redis-
tricting McNairy County, Priv.Acts 1939, c. 281. Sec-
tion 2 of the Act abolished the office of justice of the

peace in each of the incorporated towns in McNairy County. There were three incorporated towns in the county, one of which was the county seat.

"We called attention to the constitutional provision of Section 15 of Article 6 that the district of a county including the county town 'shall elect three Justices and two Constables.' The court had in mind that the Act limited to two magistrates the district including the county town and elided section 2 as unconstitutional. It was said, 'To deprive an incorporated town of the additional magistrate for the district in which it is located is to deprive it of a constitutional right.' This was erroneous. The sentence should have read, 'To deprive the district including the county town or county seat of the additional magistrate is to deprive it of a constitutional right.' "

█ In this case the Court simply held that an incorporated town as such has no constitutional right to elect a magistrate unless it be a county town, that is, the County Seat, which statement gives support to the position of the appellees that the last sentence in Art. VI, Sec. 15, is permissive and not mandatory. Acting in accordance with this permission, the Legislature enacted Sec. 19-101 T.C.A.

By Ch. 523, Private Acts of 1935, the Legislature has sought to place a restriction or limitation upon the application of this general law and to this extent weakens the efficacy of this general law for the benefit or the detriment of the County or Counties within the population qualifications as set out in the Act.

■ ■ The very able Chancellor prepared a memorandum opinion and we adopt the following language therein:

"It is considered by this Court that the law applicable to this controversy is most ably, succinctly and explicitly stated in the case of *Town of McMinnville v. Curtiss* [*Curtis*] *et al.*, 183 Tenn., 442 [192 S.W. 2d 998], in the following language:

"'* * * It is true that municipalities are the creatures of the legislature. Assuming that they singly or collectively may be utterly destroyed at its mere whim, yet, if the legislature elected to create municipalities throughout the State and permits their respective existence to continue, and elects to enact some general law mandatorily applicable alike to them all, then, Article XI, Section 8 of the Constitution prohibits the legislature from extending a special privilege or imposing a special burden upon one contrary to the general law to which all the others must conform, unless it at least appears that there is some good and valid reason why the particular municipality singled out should alone be the recipient of the benefit conferred or burden imposed. Otherwise, it is that arbitrary class legislation which Article XI, Section 8 of our Constitution forbids, whether the object of the legislation be an individual, a county or a municipality, or whether it affects such municipality in its governmental capacity.'

"In the same case, on pages 446-47 [192 S.W.2d on page 999] it is said:

"'It is, of course, settled law that special legislation affecting particular counties or municipalities in their governmental or political capacities may be en-

acted without violating Article XI, Section 8 of the Constitution. *Knoxville, City of, v. State ex rel. Hayward,* 175 Tenn. 159, 167, 133 S.W.2d 465. Many such acts had been upheld by this Court. But in those cases the special act either was not in conflict with the provisions of the general law, or the classification was upon a reasonable basis.'

"In the case of *Sandford v. Pearson,* 190 Tenn, 652, and on pages 657-658 [231 S.W.2d 336, on page 338], Judge Gailor, speaking for a unanimous Court, declared the law to be:

" 'Our cases make a clear distinction between (1) Private Acts which confer special benefits and impose special burdens on the citizens of one county, when there is no general statute, and when before the Private Act, there was only the common law, and (2) those Private Acts which undertake to amend or abrogate a prior general statute in its application to a particular county or class of counties. Private Acts of the former class have been upheld, and those of the latter class struck down.'

"In the very recent decision in *Board of Education of Memphis et al. v. Shelby County* (6/6/60) 207 Tenn. 330, 339 S.W.[2d] 569, a unanimous Court writes into its opinion and approves the principle quoted in *Davidson County v. [City of] Nashville,* 190 Tenn. 136 [228 S.W. 2d 89]:

" '* * * The Legislature may constitutionally enact a special act affecting one particular county or municipality alone in its political or governmental capacity, provided that such special act is not contrary to the

provisions of the general law applicable to all the counties and municipalities. In the latter event, discrimination must be on a reasonable basis. Otherwise it is void. *Town of McMinnville vs. Curtiss,* 183 Tenn. 442, 448, 192 S.W.2d 998, 1000'.

and, on page 578 [of 339 S.W.2d], states:

" 'Our Courts have consistently stricken down and declared invalid special legislation and private acts applicable to a single county which in any way alter or suspend the general law. (Citing many cases).'

■ "This Court considers that Chapter 523 of the Private Acts of 1935 is contrary to the provisions of the general law. The case of *Unicoi County et al. v. Frye,* 197 Tenn. 117 [270 S.W.2d 381], would appear to support this conclusion of this Court, it being stated, on page 119 [270 S.W.2d on page 382], 'Under the general law every incorporated town is entitled to one Justice of the Peace and may by Private Act have additional Justices.' and, on page 120 [270 S.W.2d on page 383], 'The Legislature was presumed to know that the town of Erwin was entitled to one Justice under the general law, Code, Sec. 675.'

"This Court can conceive of no reasonable basis, in view of the decisions of our Supreme Court, for the classification made in the Private Act under attack."

The Chancellor concluded his opinion by upholding the constitutionality of said Private Act and gave as his reason "the seeming effect of the decisions in *Brown et al. v. Knox County,* 187 Tenn. 8, 212 S.W.2d 673, 5 A.L.R.2d 1264, *State ex rel. Holt v. Wert,* 178 Tenn. 21,

152 S.W.2d 1032, and *Shoup Voting Machine Co. v. Hamilton County*, supra.''

In the *Brown v. Knox County* case, supra, the Court was considering the constitutionality of a Private Act which redistricted Knox County by abolishing the seventeen Civil Districts of said County and consolidating them into nine Districts and provided for the election of two Justices of the Peace and one Constable from each of the newly established Districts except that in the First District of the City of Knoxville provision was made for the election of three Justices of the Peace and two Constables. The Court held that this portion of the Act was in strict conformity with the second sentence of Art. VI, Sec. 15 of the Constitution. The Court followed the decisions in *State ex rel. Flournoy v. Cates,* 105 Tenn. 441, 58 S.W. 649, 650, in so holding.

The second section of said Private Act providing for the re-districting of Knox County abolished the office of Justice of the Peace for the incorporated towns contained in Knox County. It is obvious from reading the opinion that Sec. 19-101 T.C.A. was not considered by the Court in passing upon the constitutionality of this portion of the Act. No mention was made of that section and no declaration was made by the Court in regard to the statute as being the general law of the State. There were no incorporated towns in Knox County at that time and there are none now save and except the City of Knoxville and, therefore, the question of a Private Act changing, altering or abrogating a general law was not an issue in the case. It seems from the first reading of the Brown case that this was an issue and the Court passed upon it but when considered in the light of the knowledge that

there were no incorporated towns in Knox County save and except the City of Knoxville, then it becomes quite clear that this decision, written for the Court by Mr. Justice Gailor, was consistent with prior and subsequent decisions of the Court.

In the case of *Sandford v. Pearson,* 190 Tenn. 652, 231 S.W.2d 336, 338, Mr. Justice Gailor writing for the Court stated:

"Our cases make a clear distinction between (1) Private Acts which confer special benefits and impose special burdens on the citizens of one county, when there is no general statute, and when before the Private Act, there was only the common law, and (2) those Private Acts which undertake to amend or abrogate a prior general statute in its application to a particular county or class of counties. Private Acts of the former class have been upheld, and those of the latter class struck down."

Therefore, Mr. Justice Gailor was perfectly correct and consistent in his statement that Private Acts which undertake to amend or abrogate a prior general statute in a particular County or class of Counties are unconstitutional and, therefore, are struck down.

In our recent case of *Board of Education of Memphis et al. v. Shelby County,* supra, it was held that Private Acts which seek to alter, amend or overturn general statutes are obnoxious to the Constitution of our State and, therefore, invalid. In this case the Court said [207 Tenn. 330, 339 S.W.2d 582]:

"The fact that said Acts may affect a county in its governmental functions does not mean that the Acts

are valid, and they would still be subject to judicial construction and determination as to their validity.''

We have a general law which provides for the election of a Justice of the Peace in every incorporated town. This means, of course, every incorporated town in the State of Tennessee. We then have a Private Act which is in direct contravention of this general statute and, if held constitutional, would deny to the citizens of the City of Arlington the same representation in their County Court as granted to the citizens of other incorporated towns of the State of Tennessee in their County Court.

After a most careful and painstaking consideration of all prior decisions of this Court construing like or similar acts, it is the firm belief of this Court that Ch. 523, Private Acts of 1935, is unconstitutional and void. This cause, therefore, is reversed and remanded for the issuance by the Chancellor of the writ of mandamus as prayed for in the original bill and for such other action as the Court may think mete and proper in conformity with this opinion. The costs are adjudged against the appellees.

All concur.