John P. White

*v.*

Davidson County et al.

360 S.W.2d 15.

(*Nashville,* December Term, 1961.)

Opinion filed September 7, 1962.

J. M. Grissim, Charles K. Cosner, Nashville, for complainant.

Shelton Luton, County Attorney, Nashville, for Davidson County.

Neill S. Brown, Elmer D. Davies, Jr., Nashville, for Jett.

Mr. Justice Felts delivered the opinion of the Court.

Complainant, as a taxpayer and a member of the Quarterly Court of Davidson County, brought this bill against the County, its Sheriff Leslie Jett, and the Director of Accounts and Budgets Jack Edward West, for a declaratory judgment that certain Private Acts, which establish a Purchasing Commission, a fiscal year and a system of accounting and budgeting for the County and its several agencies, apply to the office of the Sheriff and require all his purchasing, expenditures and accounting to be made

through the Purchasing Commission and the Director of Accounts and Budgets.

The County, through its County Judge, and West, Director of Accounts and Budgets, and Sheriff Jett, each took the position that these private acts did not apply to the Sheriff's office, but that it was controlled by our general statutes; and each of defendants, accordingly, filed a demurrer, coupled with an answer, to the bill. The Chancellor overruled the demurrers and granted a discretionary appeal to this Court, which was perfected and errors have been assigned here.

The Acts referred to are Private Acts 1917, Ch. 239, which is applicable to Davidson County, and which established a Purchasing Commission to buy all the supplies needed and to be bought by the County, and empowered the Commission to adopt rules as to advertisements, receipt of bid, etc.

Another of the Acts mentioned is Private Acts 1951 Ch. 356, likewise applicable alone to Davidson County, which established a Budget Committee, and "created a fiscal year for Davidson County for each office * * * and agency thereof, provided, this section *shall not apply to constitutional State and County fee officers'* (italics ours). This Act contained detailed provisions for the making of a budget and appropriation by the Quarterly Court for the fiscal year. It further provided:

"* * * But expenditures and encumbrances against the amounts appropriated shall be made only upon written approval of the purchasing agent and the Clerk of the County Judge given the title of 'Director of Accounts and Budgets'; except that payrolls shall

be checked by the Department of Personnel, or otherwise, as provided by law, and County obligations imposed by law shall be approved by the proper authority and pre-audited by the Director of Accounts and Budgets. No expenditures made or obligations created in any manner other than as specified in this Act shall be valid or binding against Davidson County. [Chapter 356, p. 949.]

\*     \*     \*     \*     \*

"Expenditures from all other funds of the County, except school funds, shall be made by disbursement warrants on the County Trustee signed by the County Judge, and no official, Department, institution or agency of the County shall issue negotiable vouchers for such expenditures. But before any disbursement warrant shall be issued in discharge of any obligation, a detailed invoice or statement thereof shall be filed with the Director of Accounts and Budgets, and it shall be his duty to carefully check all such invoices to determine if they are correct, if the goods or services have been received or rendered as stated, and if the obligation is just, authorized or legally binding on the County." Id., p. 950.

This Act further provided that "any official or employee of the County, or of any institution or agency thereof, who shall fail or refuse to perform the duties required of him by this Act, or who shall fail or refuse otherwise to conform to the provisions of this Act shall be subject to fine as a misdemeanor and removal from his office or position." Id. Sec. 10, p. 951.

The other Act referred to was Private Acts of 1951, chapter 524, which amended Private Acts 1911, Ch. 66,

so as to "establish a system of fiscal procedure, control and centralized accounting" for the County, "all under the administrative direction of the County Judge," as the fiscal agent of the County. This Act contained detailed provisions for establishment of such fiscal system and accounting and prescribed the duties of the Clerk of the County Judge, given the title of Director of Accounts and Budgets. Among other things, it was his duty to

"(6) Verify and pre-audit all payrolls, bills and claims against the County before payment; check the financial settlements and reports of the various officials and department heads of the County Government, and prepare disbursement warrants drawn on all funds of the County, except those for which warrants are issued by the County Board of Education." Sec. 5(6), p. 1601.

This Act further provided that before any obligation against the County shall be paid or any disbursement warrant or voucher issued therefor, a detailed invoice or statement, approved by the Purchasing Agent and head of the office, department or agency for which such expenditure is to be made, shall be filed with the Director of Accounts and Budgets, along with a disbursement voucher in such form as he may prescribe.

It further provided that said Director of Accounts and Budgets shall make "a careful pre-audit of such invoice or statement, including a comparison of the encumbrance document previously posted authorizing said obligation, and shall approve for payment only such items as appear to be correct, properly authorized and not in excess of the unencumbered balance of the allot-

ment or appropriation against which they are chargeable.''

This Act further provided that any official or agent or employee of the County who refused to conform to the provisions of this Act, ''shall be guilty of misdemeanor and shall be subject to a fine of not more than Fifty Dollars, and to removal from office.''

After referring to the foregoing provisions of these several Private Acts, complainant's bill averred that the Quarterly Court had made a budget and an appropriation under such Acts for the 1961-62 fiscal year for the several departments and agencies of the County; that among the items in such budget was one for ''Law Enforcement,'' including these items: ''Sheriff's Ex-Officio Appropriation....$546,000.00,'' and ''Board of Prisoner's—County Jail....$66,000.00.''

The bill further alleged that defendant Sheriff, in the conduct of his office, had not been observing the provisions of the Private Acts referred to; that by his procedure of direct purchasing, ''by-passing the Davidson County Commission and the budgetary controls,'' he had been making imprudent expenditures, purchasing items at greater cost than if purchased through such Commission, and would thereby increase the tax burden on complainant and others in like circumstances.

As stated, it was the position of defendants, the County, the Director of Budgets and Accounting, and the Sheriff, that these Private Acts had no application to the office of the Sheriff; but that that office, like that of other constitutional county fee officers, was controlled by our general statutes known as the ''Anti-fee Bill''

462

(now T.C.A. secs. 8-2001 to 8-2011, 8-2201 to 8-2221, 8-2401 to 8-2413). This was the main point of the demurrers.

It should perhaps be stated the Sheriff's answer denied he had expended any funds improperly or purchased any items at a greater cost than if purchased through the Commission. His answer also stated that his duties as the County's chief law enforcement officer were different from the general activities of county government, and that "the purchases for maintenance of the Sheriff's Patrol, which is the beneficiary of the Sheriff's Ex-Officio appropriation," require his attention at all times and are often of an emergency nature.

■ It is well settled that "the Sheriff is a constitutional officer" (Tenn.Const. Art. 7, secs. 1 and 2). *State ex rel. v. Cummins*, 99 Tenn. 667, 42 S.W. 880. As is also well-known, the Anti-fee Bill (now T.C.A. secs. 8-2001 to 8-2011, 8-2201 to 8-2221, 8-2401 to 8-2413) deprived the Sheriff, like the other County officers named, of the fees and emoluments of office, vested the same in the counties, and required the officers to collect and report them, and, after paying the salaries of himself, his deputies or assistants and expenses of his office, to pay over the excess, if any, to the Trustee, for the use of the County.

These statutes are general, apply alike to all counties, and classify the counties for the purpose of fixing the salaries of the Sheriff and the other County officers mentioned. The salary of the Sheriff in counties of the first class, which includes Davidson, is fixed at $12,000.00 (T.C.A. secs. 8-2402, 8-2403). The statute (8-2001 to 8-2011) provides in detail the method by which the Sheriff, in the larger counties where he alone cannot perform all the duties of the office, may apply to the Circuit Court

and obtain a judgment or decree fixing the number of his deputies and the salaries to be paid them.

The statutes (T.C.A. secs. 8-2201, 8-2203, 8-2204 to 8-2221) detail the manner in which the Sheriff and his deputies shall keep and report records of the fees collected, and the manner in which the Sheriff shall pay the salaries of his authorized deputies, ''all the expenses of the office'' (id., 8-2208), and remit the excess of such fees to the County Trustee for the use of the County. Otherwise stated, these general statutes, applicable to all the counties, provide a complete and detailed system regulating the expenditures and accounting of the Sheriff's office.

In the absence of any averments in the bill to the contrary, we must presume that the Sheriff is complying with these general statutes regulating his expenditures and the accounting; we must presume that he has made proper application to the Court and obtained authority for the appointment and the salaries of all his deputies, or the Sheriff's Patrol, and that he has a right to pay them the salaries fixed, and to pay the expenses of his office, and to make an accounting of his receipts and expenditures, all in accordance with the general statutes above referred to.

To construe the above mentioned Private Acts as controlling the details of the expenditures and accounting by the Sheriff, and to hold that, under such Private Acts, the Sheriff cannot make an expenditure for a purchase, salary of his deputies, or other proper expenses of his office, without obtaining the prior permission and approval of the Purchasing Commission and the Clerk, or Director of Budgets and Accounts, would bring these

Private Acts into conflict with these general statutes above mentioned, and thus make them unconstitutional.

■ The Legislature has no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land (Tenn.Const. Art. 11, sec. 8; see also Art. 1, sec. 8). This applies to counties or cities as well as individuals. *Town of McMinnville v. Curtis,* 183 Tenn. 442, 446-449, 192 S.W.2d 998; *Davidson County v. City of Nashville,* 190 Tenn. 136, 139, 228 S.W. 2d 89. In *Sandford v. Pearson,* 190 Tenn. 652, 657, 231 S.W.2d 336, 338, this Court said:

"Our cases make a clear distinction between (1) Private Acts which confer special benefits and impose special burdens on the citizens of one county, when there is no general statute, and when before the Private Act, there was only the common law, and (2) those Private Acts which undertake to amend or abrogate a prior general statute in its application to a particular county or class of counties. Private Acts of the former class have been upheld, and those of the latter class struck down."

This constitutional limitation has been applied in numerous cases, since the passage of the Anti-fee Bill, where private acts have attempted to suspend this general law for the benefit of a particular officer of a county, and such private acts have been stricken down. *Roberts v. Roane County,* 160 Tenn. 109, 119-122, 23 S.W.2d 239; *Shanks v. Hawkins County,* 160 Tenn. 148, 22 S.W.2d 355; *Harbert v. Mabry,* 166 Tenn. 290, 294, 61 S.W.2d 652; *Dreaden v. Halliburton,* 166 Tenn. 331, 335, 61 S.W.2d 670.

A recent case applying this constitutional principle and striking down a number of private acts attempting to suspend, for the benefit of a particular county, a general statute applicable to all counties, is *Board of Education of Memphis v. Shelby County,* 207 Tenn. 330, 339 S.W.2d 569, in which Mr. Special Justice S. A. Marable fully reviewed prior cases on the question.

A still more recent case, applying the same principle, is State on relation of *Town of Arlington v. Shelby County Election Commission,* 209 Tenn. 289, 352 S.W.2d 809, in which Mr. Justice White fully reviewed prior cases, and the Court struck down a private act attempting to suspend, for the benefit of a particular county, a general law applicable to all counties.

Nothing to the contrary of what is said above is to be found in *State ex rel. Llewellyn v. Knox County,* 165 Tenn. 319, 54 S.W.2d 973. There, the Court sustained a private act empowering the County Judge of Knox County to appoint a clerk to act as Purchasing Agent for the County. But the Court recognized that the Sheriff is a constitutional officer, whose right to control the jail and the custody of prisoners cannot be substantially abridged.

The Court, however, took a distinction between the Sheriff's "exclusive right" to purchase supplies and make expenditures "out of fees, or other forms of compensation coming to him," on the one hand, and other classes of supplies to be paid for "out of such funds" belonging to the County; and held that the Act applied only to the latter class. Otherwise stated, the Act could be upheld because it was not in conflict with the general statute or Anti-fee Bill.

■ Likewise, we think the Private Acts before us should be construed as not attempting to control or interfere with purchases, expenditures, and disbursements which the Sheriff has the exclusive right to make under the general statute, the Anti-fee Bill (T.C.A. secs. 8-2001 to 8-2011, 8-2201 to 8-2221, 8-2401 to 8-2413). These Acts are *in pari materia,* and are to be so construed. As we have seen, one of them provides that the "fiscal year" established by it "shall not apply to constitutional State and County fee officers," thereby recognizing that such fee officers are not within the purview of the Act, but are controlled by the general statute.

■ There is still another reason for construing these Private Acts as not undertaking to control or interfere with the office of the Sheriff in its purchases, expenditures and disbursements under this general statute, or as not being in conflict with the general law. That reason is that where a statute may be open to two constructions, one of which would invalidate it, and the other save it, it is the Court's duty to adopt the construction that would save the statute.

There are statements in complainant's brief to the effect that the item, "Sheriff's Ex-Officio Appropriation ........ $546,000.00," represents tax revenues of public funds of the County. But the record fails to show that this item is anything except a budget and appropriation of anticipated fees and emoluments which are to be collected by the Sheriff's office, but which, by the general statute, belong to the County, subject to the Sheriff's right to make the purchases, expenditures and payments therefrom, as set out in the general Act.

For these reasons, we think the bill did not entitle complainant to the declaratory judgment sought; that the Chancellor erred in overruling the demurrers of the County, the Budget Director, and the Sheriff; and that these Private Acts should be construed as not applying to the Sheriff's office in making the purchases, expenditures, payments, and accounting authorized and provided for by the Anti-fee Bill, the general statute above referred to.

A decree will, therefore, be entered in this Court reversing the Chancellor's decree, and making a declaratory judgment in accordance with the view above expressed. In our discretion, we think the costs should be adjudged against the County.

WHITE, JUSTICE, not participating.